IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY REED, | § | |
| TDCJ-CID NO.1182088, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-13-1051 |
| | § | |
| IQUANA FISHER, | § | |
| Defendant. | § | |

OPINION ON DISMISSAL

Plaintiff, a state inmate, has filed a complaint pursuant to 42 U.S.C. § 1983, seeking compensatory damages for the loss and damage of his personal property during his transit to another prison unit and for the emotional distress he has suffered as a result of the loss. (Docket Entry No.1). Plaintiff also has filed an application to proceed *in forma pauperis*. (Docket Entry No.2). For the reasons to follow, the Court will grant plaintiff's application to proceed as a pauper and dismiss this case pursuant to 28 U.S.C. § 1915 (e)(2)(B).

DISCUSSION

The Prison Litigation Reform Act requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a

1

liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A complaint may be dismissed for failure to state a claim if the plaintiff does not allege enough facts to state a claim to relief that is "plausible" on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (*Id.*).

The Fourteenth Amendment of the Constitution provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. CONST. amend. XIV § 1. However, the Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 534-35 (1984); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam). A claimant must either take advantage of the available remedies, or show that the available remedies are inadequate. *Hudson*, 468 U.S. at 535.

Texas law allows recovery of monetary damages for loss of property that has been taken without authorization. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) ("the tort

of conversion fulfills this requirement"). In addition, state law specifically provides that inmates may recover up to $500.00 on a claim that the TDCJ lost or damaged personal property. TEX. GOV'T CODE § 501.007.

Because Texas law provides an adequate post-deprivation remedy, plaintiff's loss of property claim does not state a violation of the Due Process Clause. *See Hudson*, 468 U.S. at 536 (holding that even when a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment because state law provided the prisoner with an adequate post-deprivation remedy). To the extent that he claims the loss of property was only the result of negligence, he has no claim for violation of a constitutionally protected right. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). The burden is on the inmate to show that the post-deprivation remedy is inadequate. *Myers*, 97 F.3d at 94.

Plaintiff has not met his burden. Although he may have a basis for a lawsuit in state court concerning his property, the pending suit fails to state a meritorious claim in this Court. Therefore, plaintiff's complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's application to proceed *in forma paup*eris pursuant to 28 U.S.C. § 1915(e) is GRANTED. Plaintiff shall pay the entire $350.00 filing fee under 28 U.S.C. § 1915(b). The Officer in charge of the inmate's trust fund at the Unit, where plaintiff is incarcerated, shall deduct twenty per cent (20%) of each deposit made to plaintiff's trust fund account when the account exceeds $10.00, and forward the funds to the Clerk on a regular basis in compliance with the provisions of 28 U.S.C. § 1915(b) until the fee has been paid.

      2.      Plaintiff's complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

      3.      All other pending motions are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, fax 512-936-2159, the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax 936-437-4793, and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 10th day of June, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE